JOSEPH GOODING, petitioner for review, *vs.* ABBY T. BAKER.

*Referees—judgment on report of—when may be reviewed.*

The supreme judicial court, held by one justice, may grant a review of a judgment rendered in the superior court, upon a report of referees in an action referred to them by rule of the latter court, although no other matters in dispute between the parties were included in the rule.

ON EXCEPTIONS.

PETITION for a review of a judgment rendered in the superior court, at the December term thereof, 1871, against the petitioner, on a report of referees in an action referred to them by rule of the superior court, no other matters in dispute between the parties being included in the rule.

The respondent contended that no existing statute authorized the review ; but the presiding justice ruled otherwise, and granted the review, and the respondent alleged exceptions.

*T. B. Reed*, for the petitioner.

*W. H. Vinton*, for the respondent.

APPLETON, C. J.   This is a petition for the review of a judgment rendered in the superior court for this county, upon a report of referees to whom the case was submitted by a rule of said court, no other matter between the parties being included in the rule of reference.

The question presented is whether a review in such case is authorized by statute.

By R. S., 1871, c. 89, § 1, ' the supreme judicial court held by one justice may grant one review in civil actions . . . when judgment has been rendered in any judicial tribunal, if petition therefor is presented within three years after the rendition,' and in certain special cases which are enumerated, the seventh of which is, ' when it appears that justice has not been done, through accident,

mistake, or misfortune ; and that a further hearing would be just and equitable.'

The case presented is alike within the spirit and the letter of the statute. The great object in view is the furtherance of justice and the prevention of injustice. These objects are equally desirable, whether the judgment is rendered upon the report of referees or on the verdict of the jury.

The review is to be granted in civil actions, when a judgment has been rendered in any judicial tribunal. The action before reference was a civil suit. It was none the less so because it was referred by rule of court. It still remains a civil action. Judgment in a judicial tribunal has been rendered. It matters not whether the judgment is upon a verdict or an award, in either case it is the judgment of the court.

This view is fully confirmed by reference to the Statute of 1821, c. 57, and the subsequent revisions. By c. 57, § 1, the right of review was limited to cases where judgment was rendered on a verdict of a jury. By § 2, the right of review was given in all civil actions, whenever by reason of any accident, mistake or unforeseen cause judgment shall have been rendered on discontinuance, non-suit, *nil dicit, non sum informatus,* report of referees, or suits may have been discontinued without judgment, to the hinderance or subversion of justice.

These sections were condensed in the revision of 1840, c. 123, and instead of enumerating the special cases of judgments in which a review might be had, general language, embracing all the cases before specifically stated, was used, and the court were authorized to grant reviews 'in all actions, including petitions for partition, originally commenced in the late court of common pleas or district court, and on which judgment has been or shall be rendered in that court or in the supreme judicial court, whenever they shall judge it reasonable, and for the advancement of justice, without being limited to particular cases.'

In the revision of 1857, c. 89, § 1, and in that of 1871, c. 89, § 1, the same general language was used. In the last revision the

right of review was further enlarged. Indeed the tendency of legislation has been in the direction of increasing the powers of the court in granting reviews, in order to prevent the triumph of wrong.

But it is insisted that the right of review was limited by the act of 1860, c. 107, which is found in the last revision as the fourth special case, in which a review may be granted; that is, 'when a judgment has been rendered on the report of referees, in an action referred by rule of court, and other matters were included in the rule of reference.' But this section was to enlarge, not to restrict the power of the court. It was doubted, as such a case was a 'civil action' and something more, whether it would be included in the authority already given to grant reviews in all civil actions, in which judgment had been rendered in any judicial tribunal. It assumes that a review might be granted 'in an action referred by rule of court,' and extends the authority of the court to cases 'where other matters in dispute between the parties were included in the rule of reference.'

In a statute submission, where no civil action has been commenced, a different question arises, which it is not necessary at this time to consider.

The court had authority by statute to grant a review, and the exceptions must be overruled.

*Exceptions overruled.*

CUTTING, KENT, WALTON, DICKERSON, and DANFORTH, JJ., concurred.